UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES--GENERAL

Case No.  SACV 11-01340 JAK (AJW)                    Date: May 31, 2012

Title: <u>Yan Sui et al. v. 2176 Pacific Homeowners' Assoc., et al.</u>
==========================================================================
PRESENT:        HON. <u>ANDREW J. WISTRICH</u>, MAGISTRATE JUDGE

<u>Ysela Benavides</u>                      _____
Deputy Clerk                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:      ATTORNEYS PRESENT FOR DEFENDANTS:
        None Present                                   None Present

**Order to Show Cause Regarding Dismissal**

Defendants filed a motion to dismiss plaintiffs' complaint contending**,** among other things, that subject matter jurisdiction is lacking because plaintiff Yan Sui is a Chapter 7 bankruptcy debtor who lacks standing to prosecute this action. The Court takes judicial notice of the bankruptcy court's docket in Yan Sui's Chapter 7 bankruptcy case, <u>In re Yan Sui</u>, United States Bankruptcy Court, Central District of California, Santa Ana, Case No. 11-bk-20448-CB (filed Jul. 27, 2011). Yan Sui apprised the Court of the filing of his Chapter 7 bankruptcy petition in a related case, <u>Yan Sui et al. v. Southside Towing et al.</u>, SACV 10-1973 JAK (AJW) ("<u>Southside</u>"). The bankruptcy case remains pending.

This action was filed on September 6, 2011, after Yan Sui filed his bankruptcy petition.  However, the complaint alleges claims that accrued prior to the date the bankruptcy petition was filed. [See Complaint 2].  "When a chapter 7 bankruptcy petition is filed, an estate automatically is created that comprises essentially all property owned by the debtor." <u>In re Mwangi</u>, 432 B.R. 812, 818 (9th Cir. BAP 2010); <u>see</u> 11 U.S.C. § 541. Among other property interests, the bankruptcy estate includes:

> (2) All interests of the debtor and the debtor's spouse in community property as of
> the commencement of the case that is–
> (A) under the sole, equal, or joint management and control of the debtor; or
> (B) liable for an allowable claim against the debtor, or for both an allowable
> claim against the debtor and an allowable claim against the debtor's spouse, to the
> extent that such interest is so liable.

11 U.S.C. § 541(a)(2). Co-plaintiffs Yan Sui and Pei-Yu Yang in this action were married when this action was filed and when the events described in the complaint occurred. [Complaint 2].

The United States Bankruptcy Code "endows the bankruptcy trustee with the exclusive right to sue on behalf of the estate." <u>In re Estate of Spirtos</u>, 443 F.3d 1172, 1176 (9th Cir. 2006). The bankruptcy

trustee in plaintiff's bankruptcy case is Richard A. Marshack (the "Trustee"). In Southside, plaintiffs represented that the Trustee's counsel of record in the bankruptcy case, David M. Goodrich, had notified Yan Sui by email that the Trustee abandoned his interest in that action, and that Yan Sui was free to litigate it.  Plaintiffs have not shown that the Trustee has abandoned his interest in this action, nor has the Trustee taken steps to prosecute this action on behalf of the estate.

Accordingly, no later than **Friday, June 15, 2012**, plaintiffs (or the Trustee, if he wishes to appear) are ordered to show cause why this action should not be dismissed without prejudice for lack of subject matter jurisdiction by filing a declaration under penalty of perjury with or without attached exhibits. Exhibits that are not properly authenticated will not be considered.

**The Clerk is directed to mail a copy of this order to the Trustee's counsel, as follows:**

**David M Goodrich**
**Goodrich Law Corporation**
**870 Roosevelt Ave**
**Irvine, CA 92620**

**IT IS SO ORDERED.**

cc:     Parties